864 A.2d 1107

IN THE MATTER OF MICHAEL A. DEMIRO,
AN ATTORNEY AT LAW.

January 10, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–139, concluding that as a matter of final discipline pursuant to *Rule* 1:20–13(c), **MICHAEL A. DeMIRO** of **VERONA**, who was admitted to the bar of this State in 1976, and who thereafter was temporarily suspended from the practice of law pursuant to *Rule* 1:20–13(b)(1) by Order of this Court filed June 2, 2003, and who remains suspended at this time, should be suspended from the practice of law for a period of eighteen months on the basis of his plea of guilty to one count of conspiracy to obstruct justice (18 *U.S.C.A.* 371), conduct in violation of *RPC* 8.4(b) (criminal act reflecting adversely on honesty, trustworthiness or fitness as a lawyer) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that **MICHAEL A. DeMIRO** is suspended from the practice of law for a period of eighteen months and until the further Order of the Court, retroactive to June 2, 2003; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that he continue to comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20b(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a

period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.